UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury 25-6 Sworn in on December 16, 2025**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| **v.** | 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(H), and 963 (Conspiracy to Distribute 500 grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe that Such Substance Will Be Unlawfully Imported into the United States) |
| **JAIME SANCHEZ SORIANO,** also known as "Jimmy," | |
| **Defendant.** | 18 U.S.C. §§ 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h) (Conspiracy to Launder Monetary Instruments) |
| | 21 U.S.C. §§ 853 and 970 (Criminal Narcotics Forfeiture) |
| | 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c) (Criminal Money Laundering Forfeiture) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

Beginning in at least 2020, and continuing thereafter, up to at least February 2024, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendant, **JAIME SANCHEZ SORIANO, also known as "Jimmy," and others,** known and unknown to the Grand Jury, including but not limited to members of Los Viagras Cartel, a notoriously violent Mexico-based drug trafficking organization affiliated with the United

Cartels that is a prolific producer of methamphetamine and is known to ship narcotics to the United States, from which cartel the Defendant procured vast amounts of methamphetamine, did knowingly and intentionally combine, conspire, confederate, and agree to manufacture and distribute five hundred (500) grams or more of a mixture and substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3); all in violation of Title 21, United States Code, Section 963.

With respect to the Defendant, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H).

(Conspiracy to Distribute 500 grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe that Such Substance Will Be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(H), and 963.)

## COUNT TWO

Beginning in at least 2020, and continuing thereafter, up to at least February 2024, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendant, **JAIME SANCHEZ SORIANO, also known as "Jimmy,"** and others, known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to commit certain offenses under Title 18, United States Code, Section 1956(a) as follows:

2

a.    To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b.    To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, which monetary instrument and funds represented the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i),

all in violation of Title 18, United States Code, Section 1956(h).

(Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h).)

## FORFEITURE ALLEGATION 1

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting

3

or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

## FORFEITURE ALLEGATION 2

The United States hereby gives notice to the Defendant that upon conviction of the offense alleged in Count Two of this Indictment, the Government will seek forfeiture under Title 18, United States Code, Section 982(a)(1), of all property, real or personal, involved in the offense and all property traceable to such property.

## SUBSTITUTE FORFEITURE ALLEGATION

If any of the forfeitable property described in Forfeiture Allegations 1 or 2, as a result of any act or omission of the Defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendant, up to the value of the above forfeitable property.

//

//

//

//

4

A TRUE BILL:

_____
Foreperson


_____
MARGARET A. MOESER
Chief
Money Laundering, Narcotics and Forfeiture
Section
Criminal Division
U.S. Department of Justice


By:    _____
ROGER POLACK
Trial Attorney
Money Laundering, Narcotics and Forfeiture
Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530


5